

# The Attorney General of Texas

August 9, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joseph N. Murphy, Jr.
Executive Director
Employees Retirement System of Texas
P. O. Box 12337, Capitol Station
Austin, Texas 78711

Opinion No. H-1226

Re: Contributions to judicial retirement by persons who formerly were domestic relations court judges and juvenile court judges.

Dear Mr. Murphy:

You have requested our opinion regarding contributions to the Judicial Retirement System by former domestic relations and juvenile court judges. Article 1926a, V.T.C.S., the Family District Court Act, provides, in section 1.08(b):

> Each judge, at his option, may pay into the State Treasury no less than <u>six percent plus interest of that salary that would have been paid to him had he been paid by the state for his full tenure on any court of domestic relations or special juvenile court.</u> Upon such payment and the compliance with the transfer herein provided the judge will be given full credit for such tenure toward state judicial retirement.

> In addition for such full credit to apply, any judge of the family district court who elects to secure credit in the judicial retirement system pursuant to this section shall forfeit all rights to any county and district retirement system other than the reserves for the additional funds, if any, paid by the county to such judge over and above the amount of state salary paid to district judges by the state, for the tenure for which credit is sought. Such county and district retirement systems shall transfer to the judicial retirement system all sums credited to the account of such judge except the amount paid in for such additional salary, if any, whether paid by the judge or by the employer, plus accumulated interest thereon, in such county and

district retirement system. Such sum paid into the judicial retirement system by any county and district retirement systems shall be first applied against the judges' required six percent payment herein set out and any remainder shall remain in the General Revenue Fund.

(Emphasis added). You ask what amount the statute directs be paid by a family district court judge who elects to transfer into the Judicial Retirement System.

In our opinion, section 1.08(b) requires an affected judge to pay six percent of that amount which would have been paid him by the state if article 1926a had been in effect at the time of his prior service. See Attorney General Opinion H-1073 (1977). Since section 1.05(b) grants to a family district court judge "the same compensation . . . provided by the state . . . for the other district judges in his county," it follows that he must contribute six percent of the state's portion of a district judge's salary for the full period of his tenure on the court of domestic relations or the juvenile court. We believe that this result is compelled by the language of the statute itself.

In the first place, the effect of the contribution is "full credit for such tenure toward state judicial retirement." It would be inequitable to permit a judge who, as a member of the county and district retirement system, had contributed substantially less than a member of the Judicial Retirement System for an equal period, to receive full credit under the latter without the payment of an additional and equalizing amount. In addition, had the legislature intended to require a family district court judge to pay no more than he had actually contributed to the county and district retirement system, it need only have directed him to pay six percent of his salary as a domestic relations or juvenile court judge. Furthermore, the last two sentences of section 1.08(b) seem to contemplate a difference between the amount actually paid into the county and district retirement system and the amount required to be paid into the state treasury.

Accordingly, it is our opinion that section 1.08(b) of the Family District Court Act requires that a family district court judge who elects to transfer his retirement credits to the Judicial Retirement System pay to the state treasury six percent of the state's portion of a district judge's salary for the period of his tenure on the court of domestic relations or the juvenile court.

## S U M M A R Y

Section 1.08(b) of the Family District Court Act, article 1926a, V.T.C.S., requires that a family district court judge who elects to transfer his retirement credits from the county and district retirement system to the Judicial Retirement System should pay to the state treasury six percent of the state's portion of a district judge's salary for

the full period of his tenure on the court of domestic relations or the juvenile court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn